# 𝔍n the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | CR 518-005 |
| v. ) | |
| ) | |
| VINCENT R. PLUMB, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Vincent Plumb's "motion to show cause." Dkt. No. 66. Therein, Plumb requests two forms of relief: (1) to have the record reflect that he has paid his restitution in full, and (2) to be transferred to a Florida Bureau of Prisons' ("BOP") facility. The Government has filed a response in opposition, dkt. no. 67, and the motion is ripe for review.

**BACKGROUND**

On December 17, 2018, pursuant to a plea agreement, Plumb pleaded guilty to count one of the indictment, i.e. conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Dkt. Nos. 1, 38. On July 24, 2019, the Court sentenced Plumb to forty-eight months' imprisonment, followed by three years' supervised release. Dkt. No. 50. Plumb was also ordered to pay a $100 special assessment as well as $130,523.13 in restitution,

for which he and his co-defendants were jointly and severally liable. Id. at 6. Additionally, Plumb was ordered to "pay interest on restitution[1] and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment."[2] Id. The restitution balance was largely offset by the application of criminally forfeited funds. Dkt. No. 67-1. The principal balance was paid in full on April 24, 2020. Plumb is incarcerated at CI Reeves in Pecos, Texas, with a projected release date of January 17, 2023.

## DISCUSSION

### I. Restitution

Plumb argues "the record does not reflect that he has already paid his restitution" and moves the Court to correct the record to show he has "paid in full." Dkt. No. 66. Indeed, the U.S. District Court Clerk's Office's records reflect the restitution balance is paid in full. However, because the restitution principal was not paid in full within fifteen days after judgment was entered, interest accrued on the balance. As a result, Plumb still owes $1,159.85 in interest. Therefore, Plumb's motion to correct the record is **DENIED**.

---

[1] Plumb's co-defendants were not ordered to pay interest on the restitution judgment.
[2] An amended judgment was entered on November 12, 2019 to reflect corrected clerical errors and updates on the victims/payees. Dkt. Nos. 60, 62. The amended judgment maintained the same term of imprisonment and supervised release Plumb was to serve, as well as the same dollar amounts for the special assessment and restitution owed.

2

## II. Facility Designation

Plumb also moves the Court to "inquire as to the reasons why [he was] transferred to Pecos, Texas instead of close to home." Dkt. No. 66. He requests to be transferred to a BOP facility in Florida. Id.

The Eleventh Circuit "consider[s] an attack by a federal prisoner on his place of confinement to be relief sought pursuant to 28 U.S.C. § 2241." United States v. Saldana, 273 F. App'x 845, 846 (11th Cir. 2008). "[P]risoners seeking habeas relief under § 2241 must . . . exhaust administrative remedies." Jaimes v. United States, 168 F. App'x 356, 358 (11th Cir. 2006). "[W]here a habeas petition is brought pursuant to § 2241 the exhaustion of administrative remedies is jurisdictional." Id. Furthermore, "[o]nly a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to a § 2241 petition." Saldana, 273 F. App'x at 846.

Requiring a prisoner to exhaust administrative remedies with the BOP before filing a § 2241 petition with the Court makes intuitive sense, because it is the BOP, not the Court, who designates a prisoner's place of confinement. See 18 U.S.C. § 3621 ("The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or

3

without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable[.]"); see also Cohen v. United States, 151 F.3d 1338, 1343 (11th Cir. 1998) (noting that Congress "inten[ded] to allow the BOP to rely on its own judgment in classifying prisoners and placing them in institutions").

Applying the law to the situation at bar, the Court concludes it does not have jurisdiction to decide Plumb's motion regarding his facility designation. First, the BOP—not the Court—has authority to designate Plumb's place of confinement. Secondly, Plumb has not shown that he exhausted his administrative remedies with the BOP before filing a motion with the Court. Finally, even if he had exhausted his administrative remedies, this Court lacks jurisdiction to decide Plumb's motion because this Court is not within the jurisdiction of Plumb's confinement, i.e. the Western District of Texas. Accordingly, Plumb's motion to be transferred to a BOP facility in Florida is **DISMISSED**.

## CONCLUSION

Plumb's motion to correct the record regarding the amount of restitution he owes is **DENIED**; and his motion to be transferred to a BOP facility in Florida is **DISMISSED** for lack of jurisdiction. Dkt. No. 66.

**SO ORDERED**, this \_\_\_\_ day of February, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA